**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TERRY DORSEY #193-579 | * | |
|     Petitioner | * | |
| | * | |
| v. | * | Civil Action No. L-06-1273 |
| | * | |
| FRANK C. SIZER, JR , et al. | * | |
|     Respondents | * | |

**MEMORANDUM**

State inmate Terry Dorsey ("Dorsey") filed a Petition for Writ of Habeas Corpus challenging his November 22, 1988 state convictions for first degree sexual offense and burglary. At the Court's direction, Respondents filed a limited response addressing the Petition's timeliness. Dorsey then filed a reply, arguing that the Court should equitably toll the running of the statute of limitations. The issues have been fully briefed, and no hearing is necessary.

Dorsey's convictions became final on November 15, 1989. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Dorsey had until April 24, 1997, one year after AEDPA's effective date, to attack his convictions. Dorsey did not file for federal habeas relief until May 2006, approximately nine years after the limitation period's expiration date. As is explained herein, none of the circumstances of Dorsey's case warrants equitable tolling of the limitations period. Accordingly, his Petition is time-barred, and it will be DISMISSED in a separate Order.

**I.      Background**

On November 22, 1988,  in the Circuit Court for Baltimore City, Dorsey was convicted of first degree sexual offense and burglary. He was sentenced to life imprisonment plus a

consecutive fifteen-year term of incarceration.  On January 25, 1989, Dorsey appealed the convictions, which the Court of Special Appeals of Maryland affirmed on October 30, 1989.  Dorsey did not appeal that decision to the Court of Appeals.

On January 24, 1992, Dorsey filed for post-conviction relief in the Circuit Court, which denied his petition on January 25, 1992.  On January 28, 1993, Dorsey filed a second post-conviction petition, which the Circuit Court denied on June 7, 1993.  Dorsey filed a third petition on April 7, 1994, and the court denied it on April 14, 1994.  Dorsey did not seek leave to appeal these decisions.

On October 14, 2004, Dorsey filed a motion to re-open post-conviction proceedings.  On January 5, 2005, the Circuit Court denied the motion.  Then, on March 23, 2005, Dorsey filed an application for leave to appeal.[1]  On March 7, 2006, the Circuit Court struck his application as untimely.

Nine days later, on May 16, 2006, Dorsey filed the instant petition for federal habeas corpus relief.[2]  Dorsey presses four grounds for relief:

(i) that Dorsey's trial counsel was ineffective for failing to make a proper investigation of his case and for failing to urge at sentencing that Dorsey was mentally ill,

(ii) that Dorsey's post-conviction counsel was ineffective for failing to cross-examine

---

[1] See Md. Rule 8-204 (providing that an application for leave to appeal to the Court of Special Appeals shall be filed within thirty days after entry of the judgment or order from which appeal is sought).

[2] The Petition bears a May 16, 2006, signature date. The Court will, therefore, deem that it was delivered to prison officials and filed on that date. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

2

his trial counsel effectively, and for failing to obtain a copy of the trial transcript, and

(iii)  that Baltimore City Circuit Judge Thomas Noel, who denied Dorsey's state petition for post-conviction relief, denied Dorsey's right of access to the courts by failing to advise Dorsey promptly that Dorsey's petition had been denied.

## II.  Analysis

### A.  Dorsey's Petition is Statutorily Time-Barred

Dorsey's convictions became final on November 15, 1989, fifteen days after the Court of Special Appeals issued its mandate on October 30, 1989.  See Md. Rule 8-301, 8-302.  Because Dorsey's convictions became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Dorsey had until April 24, 1997, one year after AEDPA's effective date, to attack his convictions.  See Brown v. Angelone, 150 F.3d 370, 374-376 (4th Cir. 1998) (one-year grace period for habeas corpus petitioner whose convictions became final prior to AEDPA's April 24, 1996 enactment date); Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000) (§ 2244(d) one-year limitation period expires on April 24, 1997).

Dorsey did not file for federal habeas relief until May 2006, approximately nine years after the limitation period's expiration date.  While § 2244(d)(2) provides for statutory tolling[3] of the limitations period while state post-conviction proceedings are pending, no such proceedings were pending in the Maryland courts between April 24, 1996 and April 24, 1997.  Dorsey's Petition, therefore, is not entitled to statutory tolling.  Nor does Dorsey so argue.

### B.  Dorsey's Petition is not Subject to Equitable Tolling

Under  § 2254, the one-year limitation period is subject to equitable tolling, but only in

---

[3] "Tolling" a statute means to delay, suspend, or hold off the statute's effect.  See http://dictionary.law.com/default2.asp?typed=toll&type=1

"those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." See Harris v. Hutchinson, 209 F.3d 325, 328, 330 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246-47 (4th Cir. 2003), cert. denied, 541 U.S. 904 (2004).  These rare instances are restricted to "extraordinary circumstances" when a petitioner presents (i) extraordinary circumstances, (ii) beyond his control or external to his own conduct, (iii) that prevented him from filing on time. See Rouse, 339 F.3d at 236.

Dorsey argues that the circumstances of his case meet this stringent test.  He presses three grounds:

(i)   that he did not have the assistance of counsel in preparing and filing the instant Petition for federal habeas corpus relief,

(ii)  that his post-conviction counsel failed to obtain a copy of the trial transcript for him, and

(iii) that he has been mentally and emotionally incapacitated.

The Court must summarily reject the first two grounds.  There is no Sixth Amendment right to counsel in federal habeas corpus proceedings, and Dorsey's lack of an attorney to assist him in preparing his Petition under § 2254 cannot serve as a basis for equitable tolling. See Pennsylvania v. Finely, 481 U.S. 551, 555 (1987); Coleman v. Thompson, 501 U.S. 722, 753 (1991); Rouse, 339 F.3d at 248-49.  Moreover, by statute, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254.  Accordingly, the failure of his attorney to obtain a copy of his trial transcript cannot serve as the basis for equitable tolling.  In that regard, Dorsey fails to explain how access to a transcript prejudiced

4

him or what he needed a transcript to prove.[4]

With respect to the third ground, equitable tolling is appropriate in exceptional circumstances of profound mental incapacity.  See United States v. Sosa, 364 F. 3d 507, 513 (4th Cir. 2004).  To qualify, the incapacity must be debilitating.  A mental condition that burdens but does not prevent a petitioner from filing a timely habeas petition does not amount to an extraordinary circumstance.  See United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa 2003).  The burden is on the petitioner to make "a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights."  Boos v. Runyan, 201 F.3d 178, 185 (2d Cir. 2000).

Dorsey fails to meet this burden.  Dorsey has submitted exhibits reflecting that he has a history of mental problems including at various times hearing voices, suicidal ideation, aggression, withdrawal, and incoherent speech. (Docket No. 14.)  None of the exhibits demonstrate that his mental incapacity was so profound and protracted that he was prevented from filing the instant action for some nine years after the limitations period had elapsed.

From the beginning of the limitations period on April 24, 1996 through the filing of his Petition in May 2006, prison staff referred Dorsey for a psychological evaluation on multiple occasions.  The referral forms are completed by the staff member, however, and not by a medical doctor.  The results of the subsequent evaluations of Dorsey are not contained in the record.

Although some of Dorsey's papers refer to a diagnosis of depression and schizophrenia, Dorsey was prescribed medications for these conditions.  According to Mental Health Progress

---

[4] Dorsey also claims that he is unfamiliar with the law and, to his detriment, relied on legal advice from fellow inmates.  Mistake or ignorance of the law is not a basis for equitable tolling.  See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Notes dated June 26, 2003, Dorsey stated that he took his medications and was willing to continue doing so. Additional documents reflect that Dorsey "does better" when he takes his medications.

According to the records, there were two instances between 1996 and 2006 when Dorsey allegedly attempted or threatened suicide. The first time was in October 1998, when staff placed him under a suicide watch overnight when he alleged that he had overdosed on pills. Although staff referred him for a psychological evaluation the following morning, the record does not contain any information regarding that evaluation or its results. Then, more than four years later, Dorsey threatened to commit suicide and was placed in the "strip cell." The Mental Health Progress Notes written at that time[5] reflect that Dorsey missed his medication that day,[6] but that he was willing to take his medication and was fully aware of the implications of missing a dose.

Although Dorsey is correct that the records reflect that he has suffered from mental problems, his condition was controllable by medication, which he was willing to take. Moreover, there is nothing to suggest that Dorsey was at any time between 1996 and 2006 housed in solitary confinement or in a psychiatric unit where he may not have had access to legal materials to assist him in preparing his Petition.[7] In addition, the Court notes that Dorsey has provided no documents from 1999, 2000, or 2001. There is, therefore, nothing to show that

---

[5] It is unclear who wrote the notes.

[6] It is unclear whether Dorsey forgot to take his medication or whether the medication simply was not delivered to him.

[7] Although in 2003 it was recommended that Dorsey be housed in a "single cell" for unspecified psychological reasons, the record does not reflect whether this recommendation was ever adopted, for how long Dorsey may have lived in a "single cell," and whether living in a "single cell" meant that Dorsey was denied some of the privileges (such as library access) provided to inmates in the general population.

Dorsey was incompetent to prepare and file his habeas petition during those three years. In conclusion, Dorsey's condition, although perhaps a burden on his ability to prepare and file papers in court, did not prevent him from filing his habeas petition on time.[8]

As the Second Circuit Court of Appeals has written, "without a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights," the claim is insufficient to justify equitable tolling. Boos, 201 F.3d at 185. Accordingly, equitable tolling is not warranted.

### III. Conclusion

For the foregoing reasons, by separate Order, the Court DISMISSES Dorsey's Petition as time-barred.[9]

Dated this 1st day of February, 2007.

_____/s/_____
Benson Everett Legg
Chief Judge

---

[8] The Court also notes that Dorsey has not explained how his mental condition changed such that he was finally able to prepare and file his Petition in 2006.

[9] Dorsey also filed a "Motion in the Interest of Justice for DNA Testing," in which he asked the Court to order the State to conduct DNA testing, which he contends would prove that he is innocent of the sexual offense charge of which he was convicted. Because the Court is denying Dorsey's Petition, it will also deny his Motion.